IN THE UNITED STATES DISTRICTCOURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-cv-22668-CMA-ALTONAGA/Simonton

THE ESTATE OF MARIA ESTHER
CARRILLO,by and through FRANCISCO
CARRILLO, Personal Representative, and
MARIA LILIANA CARRILLO,
Individually,

       Plaintiffs,

vs.

FEDERAL DEPOSIT INSURANCE
CORPORATION AS RECEIVER FOR
METRO BANK OF DADE COUNTY-10259,
CINDY J. LAU EVANS, ALICIA DAVIS
and DARWIN ANTHONY DAVIS,

       Defendants.

_____ /

**DEFENDANTS ALICIA DAVIS and DARWIN ANTHONY DAVIS'
MOTION TO OVER-RULE CO-DEFENDANT'S OBJECTIONS TO THEIR
SUBPOENAS FOR LIMITED MEDICAL RECORDS**

Defendants, ALICIA DAVIS and DARWIN ANTHONY DAVIS, by and through their

undersigned counsel and pursuant to Fed.R.Civ.P. 34(c) and 45(c)(2)(B)(i), hereby move this

Honorable Court to enter an Order over-ruling Co-Defendant, CINDY J. LAU EVANS'

objections to Defendants, ALICIA DAVIS and DARWIN ANTHONY DAVIS' subpoenas to the

medical providers who treated ALICIA DAVIS immediately after the accident at issue and as

grounds state:

1.     This is a civil action arising out of a multiple party motor vehicle accident.  Plaintiffs

have alleged that Defendants Alicia Davis and Cindy J. Lau Evans caused the

accident.  The Defendants blame each other.  In her Answer to the First Amended

Complaint [D.E. # 45], Defendant Evans affirmatively alleges, as her Fifth, Sixth and Ninth Affirmative Defenses, that the accident was caused by Alicia Davis[1].

2.      Defendants, Alicia Davis and Darwin Anthony Davis, subpoenaed the medical records of Jackson Memorial Hospital for treatment rendered to Defendant Evans, seeking to discover whether Defendant Evans made any statements about the accident at issue[2].  Upon Defendant Evans' objection[3] to the Subpoena, Defendant Davis offered to limit the scope[4] to

> **YOUR MEDICAL FILE** TO INCLUDE **ONLY** RECORDS, REPORTS, RECORDS OF OFFICE VISITS, CORRESPONDENCE, MEMORANDA, NOTES, OR OTHER MEDICAL RECORDS CONCERNING INFORMATION REGARDING THE MOTOR VEHICLE ACCIDENT WHICH RESULTED IN THE MEDICAL CARE YOU PROVIDED TO **CINDY LAU-EVAN**S**, ON MAY 28, 2009.**

3.      Defendant Evans still objected to the subpoena, on the grounds that her medical records were privileged and she is not seeking damages for any injuries she sustained in the accident.

4.      Defendant Davis also subpoenaed the records of the City of Miami Emergency Medical Services requesting the same limited scope of medical records regarding the emergency treatment rendered to Defendant Evans immediately following this accident at issue[5].

5.      Defendant Evans objected to the subpoena, apparently on the same grounds.

---

[1] Answer to the First Amended Complaint [D.E. # 45] is attached hereto as Exhibit A.
[2] Defendants Davis' Notice of Production of Non-Party and Subpoenas to Jackson Memorial Hospital and City of Miami Emergency Medical Services are attached hereto as composite Exhibit B.
[3] Defendant Evans' Objection to co-Defendants Davis' Notice of Production of Non-Party is attached hereto as Exhibit C.
[4] Defendants Davis' revised Subpoena directed to Jackson Memorial Hospital is attached hereto as Exhibit D.
[5] Defendants Davis' revised Subpoena directed to City of Miami Emergency Medical Services is attached hereto as Exhibit E.

6.      Defendants Davis are entitled to seek information regarding Defendant Evans'

statements to medical providers made for purposes of receiving medical treatment,

FRE 803(4); and whether she made any statements to her medical providers which

are inconsistent with her deposition testimony, FRE 613 and 801(d)(2).

7.      Defendants Davis would be prejudiced by the denying of this Motion in that they

would not have supporting documents to attack Defendant Evans' credibility at trial.

*See* FRE 806.

### MEMORANDUM OF LAW IN SUPPORT OF MOTION

The permissible scope of discovery is stated in Rule 26:

Unless otherwise limited by court order, the scope of discovery is as follows:
Parties may obtain discovery regarding any nonprivileged matter that is relevant
to a party's claim or defense … For good cause, the court may order discovery of
any matter relevant to the subject matter involved in the action.   Relevant
information need not be admissible at the trial if the discovery appears reasonably
calculated to lead to the discovery of admissible evidence.  Fed.R.Civ.P. 26(b)(1).

A jury ought to know about any medical issues that would compromise a witness's ability

to perceive and recall events at the time the crime occurred. *See, e.g., United States v. Partin,*

493 F.2d 750, 762 (5th Cir.1974) ("It is just as reasonable that a jury be informed of a witness's

mental incapacity at a time about which he proposes to testify as it would be for the jury to know

that he then suffered an impairment of sight or hearing."); *see also* Fed.R.Evid. 601. *Dees v.*

*Hyundai Motor Mfg. Alabama, LLC,* CIV.A. 207-CV-306-MH, 2008 WL 724952 (M.D. Ala.

Mar. 17, 2008).

Defendant Evans is not only a party to the case, she is a witness to the accident, and her

testimony regarding how it occurred is crucial to the determination of the Defendants' and non-

parties' fault and its apportionment.  She has affirmatively plead Defendant Alicia Davis is at

fault for the collision (her Fifth and Sixth Affirmative Defenses) and Alicia Davis created an

emergency that diminished Defendant Evans' standard of care (her Ninth Affirmative Defense), thereby placing these matters at issue.

Therefore even though Defendant Evans' medical records may be generally privileged, Defendant Davis has good cause to seek their discovery, to determine whether Defendant Evans made any statements during her care and treatment about the accident and whether there is any information that would bear upon her mental or physical state bearing upon her ability to perceive and recall the events which occurred which caused or contributed to the accident. Even if these statutes applied, the undersigned would find good cause to order the production of this information since it is central to the issues presented in this case.  See, e.g., *Preferred Care Partners Holding Corp. v. Humana, Inc.*, 08-20424-CIV-UNGARO/Simonton, 2008 WL 4926967 (S.D. Fla. Nov. 14, 2008).

To the extent Defendant Evans has any particularized privacy concerns regarding these very limited medical records, her remedy is a carefully crafted Protective Order which appropriately limits the disclosure of any sensitive information.  Movant presumes Defendant Evans is aware of the contents of her medical records sought in the subpoenas she objected to, and can articulate any special concerns or special handling she would request of the court, rather than making a blanket objection without stating any grounds for the objections.

The subpoenas for Defendant Evans' records of her emergency medical treatment she obtained immediately following this motor vehicle accident, and limited to the treatment she received as a result of the motor vehicle accident is narrowly stated to fall within the exception or waiver to her general right to protection from disclosure of privileged or protected matter, pursuant to Fed.R.Civ.P. 45(C)(3)(A)(iii).

For all the foregoing reasons, the Court should over-rule Defendant Evan's objections to Defendant Davis' subpoenas for the records regarding her emergency medical treatment immediately following this accident and allow Defendant Davis to serve the subpoenas on Jackson Memorial Hospital and the City of Miami Emergency Medical Services (Fire Rescue).

## CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify, as counsel for the movant, have conferred with objecting counsel in a good faith effort to resolve the issues raised in the Motion and state that while counsel were able to narrow the issues we were unable to reach an agreement on the Motion.

WHEREFORE, Defendants, ALICIA DAVIS, and DARWIN ANTHONY DAVIS respectfully request this Honorable Court to enter the proposed Agreed Order Granting Defendants' Motion to Over-Rule Co-Defendant's Objections to the Subpoenas for Limited Medical Records.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this **22**[nd] day of March, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that the foregoing document is being served this day via transmission of Notice of Electronic Filing generated by CM/EMF to all counsel of record on the attached Service List.

By:  _____/s/ Heather M. Calhoon_____
DANIEL J. SANTANIELLO, ESQUIRE
Florida Bar No.: 860948
HEATHER M. CALHOON, ESQUIRE
Florida Bar No.:  495573
K. STUART GOLDBERG, ESQUIRE
Florida Bar No.:  454745
LUKS,SANTANIELLO,PETRILLO & JONES
Attorneys for Defendants
110 S. E. 6th Street - 20th Floor
Fort Lauderdale FL  33301
Telephone:  (954) 761-9900
Facsimile:  (954) 761-9940
sgoldberg@ls-law.com

## SERVICE LIST

Counsel for Plaintiff:
Bennie Lazzara, Jr.
James R. Freeman
Wilkes & McHugh
One N. Dale Mabry Hwy. Suite 700
Tampa, FL 33609

Counsel for Lau-Evans:
T.R. Unice, Jr.
Jeffrey Jensen
Zimmett, Unice & Salzman
2570 Coral Landings Blvd., Suite 201
Palm Harbor, FL 34684

Counsel for FDIC:
Robin Rothman, Esq.
Litchfield Cavo, LLC
600 Corporate Drive, Suite 600
Ft. Lauderdale, Florida

Miguel R. Lara, Esq.
Rasco, Klock, Reininger, Perez, Esquenazi, Vigil & Nieto
283 Catalonia Avenue, Second Floor
Coral Gables, Florida 33134

Counsel for Defendants Alicia and Darwin Davis
Heather M. Calhoon
Luks, Santaniello, Petrillo & Jones
150 W. Flagler St., Suite 1675
Miami, FL 33130
hcalhoon@ls-law.com

Co-Counsel for Defendants Alicia and Darwin Davis
K. Stuart Goldberg
110 S. E. 6th Street - 20th Floor
Fort Lauderdale FL 33301
sgoldberg@ls-law.com

DJS/KSG:CP #468