UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-22668-CIV-ALTONAGA/SIMONTON

ESTATE OF MARIA ESTHER
CARRILLO, et al.,

    Plaintiffs,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, et al.,

    Defendants.
_____/

### ORDER OVERRULING, IN PART, DEFENDANTS' OBJECTIONS TO SUBPOENAS FOR MEDICAL RECORDS

This matter came before the Court upon Defendants Alicia Davis and Darwin Anthony Davis's Motion to Overrule Co-Defendant's Objections to Their Subpoenas for Limited Medical Records (DE # 75). Defendant Cindy J. Lau Evans has filed a Response (DE # 81), and Defendants Alicia Davis and Darwin Anthony Davis (the "Davises") have filed a Reply (DE # 84). The Honorable Cecilia M. Altonaga, United States District Judge, has referred all discovery motions in this case to the undersigned United States Magistrate Judge (DE # 24). Upon a review of the record as a whole, the Motion is granted, in part, and denied, in part.

    I.    **BACKGROUND**

This suit concerns injuries to two pedestrians that resulted from a traffic collision. According to the First Amended Complaint, pedestrian Maria Esther Carrillo was struck and killed, and her daughter, Plaintiff Maria Liliana Carrillo, was struck and injured, by a vehicle operated by Defendant Alicia Davis, after Defendant Davis's vehicle struck a vehicle operated by Defendant Cindy Lau Evans (DE # 33). Plaintiffs assert federal jurisdiction based solely upon 12 U.S.C. § 1821(d)(6), which provides that a claim against

a bank, for which the Federal Deposition Insurance Corporation (the "FDIC") serves as receiver, may be brought in federal court where the bank's principal place of business is located.[1] Plaintiffs Amended Complaint contains no federal cause of action; it contains two counts of action under Florida law, including a statutory wrongful death claim and a negligence claim (DE # 33).

The motorist-Defendants blame, among others, each other.  In her Answer and Affirmative Defenses, Defendant Lau Evans asserts, *inter alia*, that any injuries to Plaintiffs are the result of the negligent actions of Defendants Alicia Davis and/or Darwin Davis, and that Defendant Lau Evans is held to a lesser standard or care as a result of the actions of Defendant Alicia Davis (DE # 45 at 5-7).  Similarly, Defendants Alicia Davis and Darwin Davis assert in their Amended Answer and Affirmative Defenses, *inter alia*, that Defendant Lau Evans's negligent operation of her vehicle caused Plaintiffs' injuries (DE # 74 at 5-6).

The Davises prepared two subpoenas duces tecum for Jackson Memorial Hospital and the City of Miami Emergency Services, respectively, to produce the entire medical and billing files of Defendant Lau Evans that were created as a result of her treatment stemming from the accident, for the purpose of uncovering any inconsistent statements of Defendant Lau Evans with regard to the accident, and to uncover any medical information relevant to her ability to accurately perceive the accident (DE # 75 at 2, 3-4; 75-2).  The Davises served a Notice of Non-Party Production stating their intent to issue these subpoenas, barring a party's objection (DE # 75-2 at 1).  Thereafter, Defendant Lau Evans objected to the proposed subpoenas (DE # 75-3).  Defendants Alicia and Darwin Davis responded to the objection by limiting the scope of the records sought.  Specifically, the proposed subpoenas were limited to

---

[1] The FDIC has been named as a Defendant as receiver for Metro Bank of Dade County, the alleged employer at the time of the accident of Defendant Lau Evans.

> **[the non-party's] medical file to include only records, reports, records of office visits, correspondence, memoranda, notes, or other medical records concerning information regarding the motor vehicle accident [that] resulted in the medical care [the non-party] provided to Cindy Lau-Evans, on May 28, 2009.**

**(DE # 75-4). Defendant Lau Evans still objects to the proposed subpoenas, as limited.**

**Defendants Alicia and Darwin Davis contend that (a) pursuant to Federal Rule of Evidence 803, they are entitled to seek information regarding Defendant Lau Evans's statements to medical providers made for purposes of receiving medical treatment; and (b) pursuant to Federal Rules of Evidence 613 and 801, they are entitled to explore whether such statements raise inconsistencies in Defendant Lau Evans's testimony (DE # 75 at 3). Moreover, the Davises point out that Defendant Lau Evans is both a party and witness to the accident, and that Defendant Lau Evans has affirmatively raised the other Defendants' negligent actions as the cause of Plaintiffs' damages. Therefore, the Davises continue, Defendant Lau Evans's statements regarding the accident, and any medical record information (as narrowed) bearing upon Defendant Lau Evans's ability to accurately perceive and recall the accident, are central to the issues in this case (DE # 75 at 3-4). Relatedly, the Davises contend that any further narrowing of the requested documents would inappropriately allow the producing non-parties to decide what materials are relevant to this case when deciding which documents to produce. Finally, the Davises state that a carefully crafted protective order would guard against the disclosure of sensitive medical information, although the Davises do not oppose Defendant Lau Evans's suggestion (below) of an in camera inspection of the documents at issue to limit disclosure (DE # 75 at 3-4; 84 at 2).**

**Defendant Lau Evans asserts that she has a Florida constitutional and statutory right of privacy in her medical records that trumps any discovery interests of the Davises. Moreover, Defendant Lau Evans contends that no medical condition of hers is at issue because she is not seeking damages for her injuries and has not asserted an**

3

affirmative defense relating to any medical condition. At any rate, Defendant Lau Evans continues, the Davises have not demonstrated that the records sought contain any statements regarding the accident, which they should be required to demonstrate before obtaining any such records; nor is the list of requested documents sufficiently tailored to ensure that only statements regarding the accident, if any, are produced. Defendant Lau Evans also rejects the Davises' suggestion of a protective order because she argues that any disclosure to co-Defendants and their counsel would still violate her privacy interests. In addition, Defendant Lau Evans argues that the Davises have failed to identify a genuine issue regarding her ability to perceive or recall the accident. Finally, Defendant Lau Evans suggests that, at a minimum, an in camera inspection of any produced documents should be conducted to limit disclosure and ensure that only relevant information is produced (DE # 81 at 2-4).

## II.     ANALYSIS

As Defendant Lau Evans points out, Florida law recognizes the confidentiality of a patient's medical record pursuant to the Right of Privacy clause, contained in Article I, Section 23 of the Florida Constitution. *State Farm Mutual Auto. Ins. Co. v. Kugler*, No. 11-80051-CIV, 2011 WL 6945165, at *3 (S.D. Fla. Dec. 23, 2011), *citing State v. Johnson*, 814 So. 2d 390 (Fla. 2002). Florida law, however, also recognizes that this confidentiality right is not absolute, and provides for the disclosure of medical records pursuant to subpoena in criminal and civil cases. For example, Florida Statutes Section 395.3025(4) provides,

> Patient records are confidential and must not be disclosed without the consent of the patient or his or her legal representative, but appropriate disclosure may be made without such consent…[i]n any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice by the party seeking such records to the patient or his or her legal representative.

Similarly, Florida Statutes Section 456.057 restricts the disclosure of medical records without a patient's written authorization, but provides for disclosure under certain conditions. In subsection (7)(a), it provides that "such records may be furnished without written authorization…[i]n any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice to the patient or the patient's legal representative by the party seeking such records." Florida courts further acknowledge that medical records privacy rights must be balanced against an opposing party's entitlement to discovery. *See McEnany v. Ryan*, 44 So. 3d 245, 247 (Fla. Dist. Ct. App. 2010) (stating that "the right to discovery in a legal proceeding must be balanced against the individual's competing privacy interests to prevent an undue invasion of privacy").

Defendant Lau Evans, therefore, does not enjoy unqualified protection of her medical records. Instead, Florida law sanctions disclosure of her medical records pursuant to a subpoena in a civil case, provided the parties received sufficient notice of the Davises' intent to subpoena the records (which no one disputes), and that discovery of the medical records is not otherwise prohibited by law.

As to whether these materials are otherwise discoverable, while Defendant Lau Evans may not have directly put her medical condition at issue, she has certainly put at issue the Davises' alleged negligence, specifically Alicia Davis's alleged negligent operation of her vehicle at the time of the accident. As a witness to Defendant Alicia Davis's operation of the vehicle, Defendant Lau Evans's statements regarding her observations are central to her affirmative defenses concerning the Davises' negligence. Relatedly, Defendant Lau Evans's ability to perceive and recall her observations is also highly relevant, and the medical records sought may shed light on these details. *See McEnany*, 44 So. 3d at 246-47. In *McEnany*, which was a personal injury negligence case concerning an automobile accident, even though the defendant's counterclaim for

5

damages based upon his own personal injuries had already been voluntary dismissed, the court, nonetheless, noted that "whether defendant was impaired by a mixture of the drug Ritalin and alcohol at the time of the accident would be a highly relevant issue." *Id.*

Moreover, Defendant Lau Evans has not demonstrated why disclosure would be "otherwise" prohibited. In this respect, the undersigned notes that Defendant Lau Evans has not cited any authority requiring the Davises to preliminarily establish the existence of a statement made to medical service providers, and/or a medical condition affecting her ability to observe the accident, before the Davises are entitled to related discovery.

In addition, the undersigned finds that the Davises have sufficiently limited the scope of their request for medical records, as represented in their Motion and quoted above. The modified request is reasonably calculated to uncover admissible evidence regarding Defendant Evans's statements, if any, concerning the Davises negligence in the accident, and/or Defendant Evans's ability to perceive the accident. While the Davises should not be allowed to explore without limits Defendant Evans's medical information, such is not the case in this instance; the Davises have limited their requests to certain (i.e., not all) medical records of Defendant Lau Evans, and have further limited the scope of records sought to those created in connection with treatment received stemming from the traffic accident. *Cf. McEnany*, 44 So. 3d at 247 (stating that, while medical records relating to defendant's condition at the time of the accident appear highly relevant, other requested medical records going back years before the accident likely have no relevancy). Moreover, the Davises should not be required to rely upon the records custodians to sift out relevant documents. While the production may include some irrelevant documents, the undersigned finds that the modified request, as stated in the Motion and quoted herein, is sufficiently limited in scope as to primarily draw out documents relevant to the issues noted above.

The Davises entitlement to discovery, however, must be balanced against Defendant Lau Evans's right to privacy in her medical records. As the Davises note, a carefully crafted protective order could limit disclosure of medically sensitive information. Defendant Lau Evans, however, has requested that if the Court allows production of the documents pursuant to the proposed subpoenas, that the Court review the documents in camera to minimize the impact on her medical privacy. Florida courts have found that, in certain circumstances, an in camera review is necessary to protect a party's privacy rights. *See, e.g.*, *McEnany*, 44 So. 3d at 247-48 (requiring an in camera inspection where trial court had not previously put in place any protective order, and most of the requested records, going back years before the accident, were likely irrelevant); *Barker v. Barker*, 909 So. 2d 333, 338 (Fla. Dist. Ct. App. 2005) (finding that "broad" order for production of plaintiff's entire medical record for approximately ten years, without an in camera review of the produced documents to prevent disclosure of irrelevant information, departed from the essential requirements of the law). The above-cited cases, however, in which Florida courts have found appropriate an in camera review, differ from the case at bar. Specifically, whereas an in camera review may be appropriate where a party has sought wide-ranging documents, many of which are likely irrelevant, the Davises have sufficiently tailored their requests to return a narrow range of relevant documents. In addition, the undersigned finds appropriate certain restrictions on disclosure, as detailed below. Therefore, the undersigned declines the parties' invitation to engage in an in camera review.[2]

---

[2] **It is clear under federal law, which governs the procedural aspects of this case, that the determination of when to conduct an in camera review is left to the discretion of the Court.** *See United Investors Life Ins. Co. v. Nationwide Life Ins. Co.*, 233 F.R.D. 483, 486 (N.D. Miss. 2006) (noting that a federal court's decision to conduct an in camera review is a procedural matter and, thus, determined by federal law; and further stating that the decision is "well within the bounds" of a federal court's broad discretion in discovery matters); *In re Fed. Skywalk Cases*, 95 F.R.D. 477, 478-79 (W.D. Mo. 1982) (finding that, with respect to an in camera review, while the federal court was required to apply

In terms of protective measures, the medical records are afforded protection pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"). HIPAA and its regulations generally govern the confidentiality of medical records. *Kugler*, 2011 WL 6945165, at *4. HIPAA provides for disclosure of medical information, without notice to a party or the party's consent, pursuant to a protective order that satisfies HIPAA's confidentiality requirements. *Id.* at 4 (citations omitted). In accordance with the requirements of the regulations promulgated under HIPAA, specifically 45 C.F.R. §§164.512(e)(1), the undersigned orders that all parties to this lawsuit are prohibited from using or disclosing any protected health information ("PHI") obtained pursuant to the two subpoenas duces tecum at issue for any purpose other than the litigation of this lawsuit. Additionally, the parties are required to return to the disclosing entity or destroy the PHI, including all copies made, at the end of the litigation of this lawsuit, which includes the time for all appellate proceedings or the expiration of the time to commence such appellate proceedings, whichever occurs last. In addition, documents produced in response to the subpoenas shall be subject to additional restrictions. They may only be viewed by counsel for the parties, i.e. "attorneys' eyes only," without further Court order. If a party wishes to share any documents with its expert or others, that party must, first, confer with the other parties, and then submit to the Court a proposed order. These restrictions on disclosure will balance Defendant Lau Evans' privacy rights against the Davises entitlement to discovery.

Therefore, it is hereby

**ORDERED AND ADJUDGED** that Defendants Alicia Davis and Darwin Anthony Davis's Motion to Overrule Co-Defendant's Objections to Their Subpoenas for Limited Medical Records (DE # 75) is **GRANTED, IN PART**. Defendant Lau Evans's objections

---

**Missouri law concerning privilege, federal law prescribes the manner for conducting the inquiry).**

to the narrower, modified request (quoted above and contained in the Davises Motion) that is contained in the proposed subpoenas duces tecum to the records custodians of Jackson Memorial Hospital and the City of Miami Emergency Medical Services, respectively, are overruled. Production and disclosure pursuant to the subpoenas, however, shall be subject to the terms set forth in the body of this Order.

**DONE AND ORDERED** in Miami, Florida, on May 18, 2012.

*Andrea M. Simonton*
_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished via CM/ECF to:**

**The Honorable Cecilia M. Altonaga,**
    **U.S. District Judge**
**Counsel of Record**